VIRGINIA:

IN THE CIRCUIT COURT OF LOUDOUN COUNTY

| | |
|---|---|
| KAREN TLATEMPA,  )<br>Administrator for the Estate  )<br>of Eduardo Tlatempa, Deceased  )<br>  )<br>      Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>JOHN BEAN TECHNOLOGIES CORPORATION )<br>d/b/a JBT AERO TECH  )<br>SERVE:  c/o R/A CT Corporation  )<br>          4701 Cox Road, Suite 301  )<br>          Glen Allen, Virginia 23060  )<br>  )<br>  and  )<br>  )<br>FMC TECHNOLOGIES INC.  )<br>SERVE:  c/o R/A CT Corporation  )<br>          4701 Cox Road, Suite 301  )<br>          Glen Allen, Virginia 23060  )<br>  )<br>  and  )<br>  )<br>FMC CORPORATION  )<br>SERVE:  c/o R/A CT Corporation  )<br>          4701 Cox Road, Suite 301  )<br>          Glen Allen, Virginia 23060  )<br>  )<br>      Defendants.  ) | Case No. CL00079837-00 |

## COMPLAINT

COMES NOW your Plaintiff, Administrator of the Estate of Eduardo Tlatempa, Deceased, by and through counsel, pursuant to Virginia Code § 8.01-50, *et seq.*, and files this Complaint against John Bean Technologies Corporation d/b/a JBT Aero Tech ("JBT"), FMC Technologies, Inc. ("FMC Technologies") and FMC Corporation ("FMC Corp."), and as grounds therefor states the following:

Law Offices
HOWARD, MORRISON,
ROSS AND WHELAN
01 GARRETT STREET
WARRENTON, VIRGINIA 20186
TELEPHONE: (540) 347-1000
FAX: (540) 340-1422

1

## The Parties

1. The Plaintiff, Karen Tlatempa, is a resident of New Jersey. The Plaintiff qualified and was duly appointed Administrator of the Estate of Eduardo Tlatempa on 6th day of June, 2011 (See Exhibit A).

2. Prior to 2000, FMC Corp. was a comglomerate engaged in numerous businesses, including the manufacturing of airline equipment products such as cargo loaders. In 2000-2001, FMC Corp. spun off several of its businesses, including its airport-related businesses, into a separate company named FMC Technologies, Inc. In 2007-2008, FMC Technologies spun off two of its business units, FMC Food Tech and FMC Airport Systems, into a new company known as John Bean Technologies Corporation. Upon information and belief, one or more of the above-named entities has liability for the events alleged herein.

3. JBT is incorporated under the laws of Delaware, with its principal place of business located in Chicago Illinois, at 70 West Madison Suite 4400, Chicago, Illinois 60602.

4. FMC Technologies is incorporated under the laws of Delaware, with its principal place of business located at 5875 N. Sam Houston Pkwy West, Houston, Texas 77086.

5. FMC Corp. is incorporated under the laws of Delaware, with its principal place of business located at 1735 Market Street, Philadelphia, Pennsylvania 19103.

### Jurisdiction and Venue

6. The Court has jurisdiction over this matter pursuant to Virginia Code Ann. § 8.01-328.1.

7. Venue is proper pursuant to Virginia Code Ann. § 8.01-262(1) and (3).

### General Allegations

8. The Deceased, Mr. Eduardo Tlatempa ("the Deceased"), was employed by United Airlines ("United") at Dulles International Airport ("Dulles"), located at 1 Saarinen Circle, Sterling, Virginia 20166, as a baggage/cargo handler.

9. Prior to being employed with United at Dulles sometime in 2006, the Deceased had been employed with Continental Airlines for 15 years at Newark Liberty International Airport, responsible for the same duties.

10. On April 1, 2011, at Dulles, the Deceased was unloading cargo from the rear aft cargo compartment of a United Boeing 777 airplane, in the course of his duties with United.

11. Depending on the particular Boeing 777, ground clearance may vary between 127 inches to 134 inches for the aft cargo compartment of the aircraft.

12. Due to this elevated ground clearance, the Deceased was operating one of the Co-Defendants' FMC Commander Container/Pallet Loader, serial number CR96034, identification number CL348, with a manufacture date of February 1996 ("Loader").

3

13. This particular Loader is equipped with two large platforms, which are operated independently by scissor lifts.

14. The operator of this Loader maneuvers it from an operator's station atop one of the platforms, which is provided with a guardrail, driving up to and away from an airplane's cargo doors, then raises or lowers one or both of the platforms into position so that they may load/unload cargo to and from the airplane.

15. Upon information and belief, the Deceased was the operator of the Loader on April 1, 2011.

16. The platform closest to the airplane cargo door is referred to as the bridge, and can be tilted to reach a cargo door independently of the scissor lift mechanism.

17. Further, the Loader is equipped with a folding wing/wing extension at the front of the bridge, which is designed to line up with the base of the cargo door so that large containers and pallets may be unloaded from airplane.

18. Because different model airplanes can have cargo doors of different widths, the folding wing/wing extension is adjustable in either an up or down position, which is held in place by a manual latch/lock bar that slides from the bridge and is held in place by a spring-loaded latch pin that fits into a detent located in the manual latch/lock bar, adjusted from the ground.

19. The spring-loaded latch pin that holds the manual latch/lock bar in place is engaged when in the "up" position.

4

20. When in the "up" position, the folding wing/wing extension allows the Loader to accommodate a wider cargo door, and when in the "down" position it accommodates a narrower cargo door.

21. On April 1, 2011, the Deceased maneuvered the Loader up to the aft compartment cargo door of the Boeing 777 from the operator's station, and raised the bridge between approximately 27 inches and 34 inches below the doorsill of the cargo door.

22. Because of the wide nature of the Boeing 777's aft cargo compartment door, the latch/lock bar to hold the folding wing/wing extension was engaged in the "up" position, to effectuate the unloading of cargo.

23. Once the Loader and folding wing/wing extension was in position, the Deceased began unloading the cargo from the Boeing 777.

24. While unloading cargo from the Boeing 777, the Deceased stood on the engaged folding wing/wing extension between the front of the Loader's bridge platform and aft cargo compartment door. At that time, the folding wing/wing extension gave way, collapsed, and caused the Deceased to fall approximately 8 feet, four inches to the ground below.

25. As a result of the fall, the Deceased sustained severe and life threatening injuries, which caused his death two days later.

26. At all relevant times herein, the Deceased exercised due care in the operation of the Loader and removal of cargo from the Boeing 777.

### Count One – Negligence

27. The allegations contained in paragraph 1-26 are realleged as if fully

5

set forth herein.

28. At all times material hereto, it was the duty of the Co-Defendants to use reasonable care in the design, manufacture, market, modification and sale of the Loader, such that it would be reasonably safe for its intended purpose and pass without objection throughout the commerce of the aircraft ground support equipment, trade, or industry.

29. Prior to April 1, 2011, the Co-Defendants, JBT, FMC Technologies and FMC Corp. negligently manufactured, designed, assembled, tested, inspected, distributed, and/or sold the Loader in such a manner as to render said product unreasonably dangerous for its ordinary and foreseeable uses and users.

30. In the manner the Loader left the Co-Defendants' control, when the scissors supporting the bridge are fully lowered and the tilt feature is fully lowered at the front, the folding wing/wing extension comes to rest on a fixed roller stop. The roller stop holds the folding wing/wing extension in the "up" position, level with the bridge and allows the manual latch/lock bar to freely move under the folding wing/wing extension, because there is no downward pressure on the manual latch/lock bar from the tilt feature.

31. Because of this design, if the scissors supporting the bridge are not fully lowered or the tilt feature is not fully lowered at the front, the manual latch/lock bar may not freely move under the folding wing/wing extension. As such, it is possible for the manual latch/lock bar to be partially under the folding wing/wing extension, with the spring loaded latch pin not engaged in the detent,

and thus not provide enough support to hold the folding wing/wing extension up when the bridge is lifted.

32. If this condition occurs, the folding wing/wing extension can fall to the down position if the manual latch/lock bar travels towards the rear position while the bridge is elevated.

33. The Co-Defendants knew or should have known about the specific hazards and dangers associated with the foreseeable uses and users of the Loader as described in above, yet failed to, label, inspect, test and manufacture the Loader with adequate warnings of hazards reasonably foreseeable to the Co-Defendants, and failed to incorporate, recommend or market adequate safeguards, and warnings to prevent he likelihood of injury and/or death from their negligently designed Loader.

34. As a direct and proximate cause of the negligence of the Co-Defendants in designing the Loader in this fashion, the Deceased was caused to suffer severe injuries from the collapse of the folding wing/wing extension on which he was standing, resulting in his death two days later.

35. Eduardo Tlatempa died in testate and survived by the following adult children, Karen Tlatempa and Yvette Tlatempa. Karen Tlatempa and Yvette Tlatempa are the only surviving statutory beneficiaries.

36. The aforementioned beneficiaries have sustained financial pecuniary loss, as well as severe mental anguish as a result of the death of the Deceased.

37. Pursuant to Virginia Code § 8.01-52, the Plaintiff requests the following damages, jointly and severally, against the Defendants, John Bean Technologies Corporation d/b/a JBT Aero Tech, FMC Technologies and FMC Corporation:

a. Sorrow, mental anguish and solace, which includes society, companionship, comfort, guidance, kindly offices and advice of the Deceased, Eduardo Tlatempa;

b. Compensation for reasonably expected loss of : (i) income of the Deceased, Eduardo Tlatempa, and (ii) services, protection, care, and assistance provided by the Deceased;

c. Expenses for the care, treatment, and hospitalization of the Deceased, Eduardo Tlatempa, incident to the injury resulting in his death;

d. Reasonable funeral expenses; and

e. Appropriate punitive damages for the willful, wanton, and/or reckless conduct described above on the part of the Co-Defendants, John Bean Technologies Corporation d/b/a JBT Aero Tech, FMC Technologies and FMC Corporation.

WHEREFORE, Karen T. Tlatempa, Administrator of the Estate of Eduardo Tlatempa, respectfully requests that the Court enter judgment against the Defendants, John Bean Technologies Corporation d/b/a JBT Aero Tech, FMC Technologies and FMC Corporation, jointly and severally, pursuant to Virginia Code § 8.01-52 in the amount of $5,000,000.00, prejudgment interest, post-judgment interest and any such further relief that the Court deems appropriate.

### Count Two – Negligent Failure to Warn

38. The allegations contained in paragraph 1-37 are realleged as if fully set forth herein.

39. The Co-Defendants negligently failed to warn, instruct, and apprise the Deceased and other potential end users of the dangers and hazards of the Loader as outlined in Paragraphs 29 through 33, above, so as to cause and increase the risk of injury and/or death undertaken by reasonably foreseeable users of the Loader, including adequate warnings calculated to be delivered with the Loader, including defective warning and instruction.

40. The Co-Defendants were otherwise negligent with respect to the Loader's operation warnings and instructions which should have been prepared to identify its unreasonably dangerous condition, and warning and informing reasonably foreseeable users of limitations in its use.

41. As a direct and proximate cause of the negligence of the Co-Defendants in designing the Loader in this fashion, and negligently failing to warn of said defective design, the Deceased suffered the damages set out herein.

42. Pursuant to Virginia Code § 8.01-52, the Plaintiff requests the following damages, jointly and severally, against the Defendants, John Bean Technologies Corporation d/b/a JBT Aero Tech and FMC Technologies;

a. Sorrow, mental anguish and solace, which includes society, companionship, comfort, guidance, kindly offices and advice of the Deceased, Eduardo Tlatempa;

9

b.  Compensation for reasonably expected loss of : (i) income of the Deceased, Eduardo Tlatempa, and (ii) services, protection, care, and assistance provided by the Deceased;

c.  Expenses for the care, treatment, and hospitalization of the Deceased, Eduardo Tlatempa, incident to the injury resulting in his death;

d.  Reasonable funeral expenses; and

e.  Appropriate punitive damages for the willful, wanton, and/or reckless conduct described above on the part of the Co-Defendants, John Bean Technologies Corporation d/b/a JBT Aero Tech, FMC Technologies and FMC Corporation.

WHEREFORE, Karen T. Tlatempa, Administrator of the Estate of Eduardo Tlatempa, respectfully requests that the Court enter judgment against the Defendants, John Bean Technologies Corporation d/b/a JBT Aero Tech, FMC Technologies and FMC Corporation, jointly and severally, pursuant to Virginia Code § 8.01-52 in the amount of $5,000,000.00, prejudgment interest, post-judgment interest and any such further relief that the Court deems appropriate.

### Count Three – Breach of Express and Implied Warranties of Merchantibility

43.  The allegations contained in paragraph 1-42 are realleged as if fully set forth herein.

44.  Prior to April 1, 2011, The Co-Defendants expressly and impliedly warranted that the Loader, which negligent and defective design was the actual and proximate cause of the Deceased's death, was of merchantable quality, fit and safe for its intended and ordinary uses and particular and foreseeable uses and purposes

for which it was designed, distributed, marketed, tested, assembled, sold, and labeled by the Co-Defendants.

45. Intended, ordinary, particular and foreseeable purposes included engagement and use of the folding wing/wing extension, held in place by the manual latch/lock bar, to support not only the weight of a human being while loading and/or unloading cargo from a Boeing 777, but substantially heavier cargo from the same.

46. As a direct and proximate cause of the failure of the Loader to conform to said express and implied warranties, the Deceased suffered the damages set out herein.

47. Pursuant to Virginia Code § 8.01-52, the Plaintiff requests the following damages, jointly and severally, against the Defendants, John Bean Technologies Corporation d/b/a JBT Aero Tech, FMC Technologies and FMC Corporation:

    a. Sorrow, mental anguish and solace, which includes society, companionship, comfort, guidance, kindly offices and advice of the Deceased, Eduardo Tlatempa;

    b. Compensation for reasonably expected loss of : (i) income of the Deceased, Eduardo Tlatempa, and (ii) services, protection, care, and assistance provided by the Deceased;

    c. Expenses for the care, treatment, and hospitalization of the Deceased, Eduardo Tlatempa, incident to the injury resulting in his death;

    d. Reasonable funeral expenses; and

11

    e.    Appropriate punitive damages for the willful, wanton, and/or reckless conduct described above on the part of the Co-Defendants, John Bean Technologies Corporation d/b/a JBT Aero Tech, FMC Technologies and FMC Corporation.

WHEREFORE, Karen T. Tlatempa, Administrator of the Estate of Eduardo Tlatempa, respectfully requests that the Court enter judgment against the Defendants, John Bean Technologies Corporation d/b/a JBT Aero Tech, FMC Technologies and FMC Corporation, jointly and severally, pursuant to Virginia Code § 8.01-52 in the amount of $5,000,000.00, prejudgment interest, post-judgment interest and any such further relief that the Court deems appropriate.

**TRIAL BY JURY IS DEMANDED ON ALL ISSUES SO TRIABLE.**

                                              Respectfully submitted,

                                              Karen Tlatempa,
                                              as Administrator of the Estate
                                              of Eduardo Tlatempa,
                                              Deceased

                                              By Counsel

_____
Christopher T. Whelan
Va. Bar No. 33811
Paul A. Morrison
Va. Bar No. 28007
Howard, Morrison, Ross and Whelan
31 Garrett Street
Warrenton, Virginia 20186
(540) 347-1000
FAX (540) 349-4422
   Counsel for Plaintiff

 

# COMMONWEALTH OF VIRGINIA
# COUNTY OF LOUDOUN
## OFFICE OF THE CLERK OF CIRCUIT COURT
P.O. Box 550
LEESBURG, VIRGINIA 20178
LOCAL 703-777-0270
www.loudoun.gov/clerk

| Brenda S. Butler | Gary M. Clemens | William L. Loy |
| --- | --- | --- |
| Chief Deputy | Clerk | Assistant Chief Deputy |

## CERTIFICATE/LETTER OF QUALIFICATION
VIRGINIA CODE §§ 6.1-70, 6.1-195.78, 6.1-208.3, 6.1-208.5, 13.1-428, 64.1-122, 64.1-128

Probate File Number: **13648**

I, the duly qualified Deputy Clerk of this Court, **CERTIFY** that on:

**JUNE 6, 2011**

**KAREN TLATEMPA** duly qualified before the Clerk, under applicable provisions of law, as:

**ADMINISTRATOR** of the **ESTATE** of:

**EDUARDO TLATEMPA**, deceased

The appropriate bond required by Statute has been posted.

The powers of the Administrator named above continue in full force and effect.

Given under my hand and the seal of this Court on **JUNE 6, 2011**

Gary M. Clemens, Clerk

_____
Deputy Clerk



EXHIBIT
A

# COMMONWEALTH OF VIRGINIA



LOUDOUN CIRCUIT COURT
Civil Division
18 E MARKET ST/PO BOX 550
LEESBURG VA 20178-0550
(703) 777-0270

Summons

To: JOHN BEAN TECHNOLOGIES CORP
(SPECIAL PROCESS SERVER)

Case No. 107CL00079837-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, March 19, 2014

Clerk of Court: GARY M CLEMENS

by _Sandra Amundson_
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name: WHELAN, CHRISTOPHER T
31 GARRETT ST
540-347-1000
WARRENTON VA 20186

# COMMONWEALTH OF VIRGINIA



LOUDOUN CIRCUIT COURT
Civil Division
18 E MARKET ST/PO BOX 550
LEESBURG VA 20178-0550
(703) 777-0270

Summons

To: JOHN BEAN TECHNOLOGIES CORP
(SPECIAL PROCESS SERVER)

Case No. 107CL00079837-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, March 19, 2014

Clerk of Court: GARY M CLEMENS

by _____Sandra Amundson_____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name: WHELAN, CHRISTOPHER T
31 GARRETT ST
540-347-1000
WARRENTON VA 20186

# COMMONWEALTH OF VIRGINIA



LOUDOUN CIRCUIT COURT
Civil Division
18 E MARKET ST/PO BOX 550
LEESBURG VA 20178-0550
(703) 777-0270

Virginia:  Proof of Service
In the LOUDOUN CIRCUIT COURT

Case number: 107CL00079837-00
Service number: 001
Service filed: March 29, 2013

Served by: SPECIAL PROCESS SERVER  Judge:
Style of case: KAREN TLATEMPA vs JOHN BEAN TECHNOLOGIES CORP
Service on: JOHN BEAN TECHNOLOGIES CORP    Attorney: WHELAN, CHRISTOPHER T
(SPECIAL PROCESS SERVER)    31 GARRETT ST
540-347-1000
WARRENTON VA 20186

Instructions:

Returns shall be made hereon, showing service of Summons issued Wednesday, March 19, 2014 with a copy of the Complaint filed Friday, March 29, 2013 attached.

Hearing date :
Service issued: Wednesday, March 19, 2014

For Sheriff Use Only