VIRGINIA:

IN THE CIRCUIT COURT OF LOUDOUN COUNTY

| | |
|---|---|
| KAREN TLATEMPA, )<br>Administrator for the Estate )<br>of Eduardo Tlatempa, Deceased )<br>                              )<br>    Plaintiff, )<br>                              )<br>v. )<br>                              )<br>JOHN BEAN TECHNOLOGIES CORPORATION )<br>d/b/a JBT AERO TECH )<br>SERVE: c/o *RIA* CT Corporation )<br>4701 Cox Road, Suite 285 )<br>Glen Allen, Virginia 23060 )<br>                              )<br>And )<br>                              )<br>FMC TECHNOLOGIES INC. )<br>SERVE: c/o *RIA* CT Corporation )<br>4701 Cox Road, Suite 285 )<br>Glen Allen, Virginia 23060 )<br>                              )<br>And )<br>                              )<br>FMC CORPORATION )<br>SERVE: c/o *RIA* CT Corporation )<br>4701 Cox Road, Suite 285 )<br>Glen Allen, Virginia 23060 )<br>                              )<br>    Defendants. ) | Case No. CL00079837-00 |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

COMES NOW the Plaintiff, Karen Tlatempa, Administrator for the Estate of

Eduardo Tlatempa, Deceased, by and through counsel, and serves the following

Plaintiff's First Set of Interrogatories to Defendants.

Law Offices
HOWARD. MORRISON,
ROSS AND WHELAN
31 Garrett Street
Warrenton, Virginia 20100
Telephone: (540) 347-1000
Fax: (540) 349-4422

1

Plaintiff hereby requests, pursuant to Rule 4:8 of the Rules of the Supreme Court of Virginia, that Defendants serve written responses to the following interrogatories on Plaintiffs' counsel within twenty-eight (28) days of service of the summons and complaint and these interrogatories.

## DEFINITIONS

1. "DOCUMENTS" and "DOCUMENTATION" as used herein includes, without limitation, any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, sales slides, flip charts, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, re-prints of articles, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonographs, films, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into usable forms), DOCUMENTS maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or DOCUMENTS of whatever description or kind, whether produced or authorized by or on behalf of YOU or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of YOU, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on YOUR behalf. The term DOCUMENT shall include all ELECTRONICALLY STORED INFORMATION, as defined below,

and both data and metadata.

2. "COMMUNICATIONS" shall mean any correspondence, memoranda, contact, discussion or exchange between or among any two or more persons or entities, including, without limitation, documents, telephone conversations, negotiations, meetings, and conferences.

3. "PLAINTIFF" means the named plaintiff and any representative of the named plaintiff, including plaintiff's counsel.

4. "RELATE TO," "RELATING TO," "referring to," "refer to," "reflecting," "reflect," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including DOCUMENTS attached to or used in the preparation of or concerning the preparation of the DOCUMENTS.

5. "YOU," "YOUR," or "DEFENDANT" refers to Defendants, JOHN BEAN TECHNOLOGIES CORPORATION d/b/a JBT CORPORATION and/or JBT AEROTECH, FMC TECHNOLOGIES, INC., and/or FMC CORPORATION, as well as all of their partners, directors, officers, employees, servants, agents, attorneys, joint ventures, or other representatives, including all corporations and entities affiliated with said Defendants. The terms "YOU," "YOUR," or "DEFENDANT" shall also include all predecessor business entities, as well as any predecessor's partners, directors, officers, employees, servants, agents, joint ventures or other representatives. The terms "YOU" or "YOUR" shall also include all foreign and domestic subsidiaries or parent companies, as well as any foreign or domestic subsidiaries' or parent companies' partners, directors, officers, employees, servants, agents, joint ventures or other representatives.

6. "IDENTIFY" or "IDENTITY" means to state the current or last known name, business and residence address, telephone number, email address, employer, and job title of a person, or, as to a DOCUMENT, give a full description, and state the current or last

3

known name, business and residence address, telephone number, email address, employer, and job title of the DOCUMENT's author, custodian, and all recipients, the date prepared, title, and method by which it was prepared.

7. "PERSON" OR "PERSONS" means any natural person, government agency, corporation, partnership, joint venture, limited liability company, association, institution, group or any other identifiable entity.

8. "ELECTRONICALLY STORED INFORMATION" or "ESI" shall mean writings, drawings, graphs, charts, photographs and other data compilations stored in any medium from which information can be obtained, translated, if necessary into reasonably useable form.

9. "LOADER" refers to the FMC Commander Container/Pallet Loader, serial number CR96034, identification number CL348, with a manufacture date of February 1996 and used by Plaintiff as described in the Complaint.

## INSTRUCTIONS

1. Each Interrogatory shall be deemed continuing so as to require prompt supplemental responses upon the acquisition of additional responsive information.

2. YOU are required to select an officer or agent who can furnish the required information in answering each interrogatory and to identify each such officer or agent and to specify each interrogatory for which said officer or agent supplied information in the answer thereof. Requests for the IDENTITY of YOUR officers and employees include the IDENTITIES of current and former officers and employees.

3. If YOU claim a privilege or immunity as a ground for not responding in whole or in part to any Interrogatory, YOU must provide the following information in a written response, designating and identifying those DOCUMENTS or information withheld from production on grounds of privilege:

4

a. The reason for withholding the DOCUMENT or information;

b. A statement of the legal basis for the claim of privilege, work product or other ground for non-disclosure;

c. A brief description of the DOCUMENT or information withheld, including:

  i. The date of the DOCUMENT;

  ii. The number of pages, attachments, and appendices withheld;

  iii. The IDENTITY of the author(s), preparer(s), and the holder(s) of the withheld DOCUMENT or information;

## INTERROGATORIES

**INTERROGATORY NO 1:** Please IDENTIFY each PERSON who designed the wing and latching mechanism of the LOADER and any substantially similar, predecessor or successor model.

**INTERROGATORY NO 2:** Please IDENTIFY each PERSON who manufactured the wing and latching mechanism of the LOADER and any substantially similar, predecessor or successor model manufactured by DEFENDANTS.

**INTERROGATORY NO 3:** Please IDENTIFY each PERSON who tested the wing and latching mechanism of the LOADER and any substantially similar, predecessor or successor model manufactured by DEFENDANTS.

**INTERROGATORY NO 4:** Please IDENTIFY each PERSON who marketed, sold, and distributed the LOADER and any substantially similar, predecessor or successor model manufactured by DEFENDANTS.

**INTERROGATORY NO 5:** Please IDENTIFY each substantially similar, predecessor or successor model of the LOADER manufactured by DEFENDANTS, including the name and model number, and describe the differences, if any, in the wing and/or latching mechanism between the LOADER and each substantially similar, predecessor or successor model.

**INTERROGATORY NO 6:** Please IDENTIFY each PERSON who authored or modified any warnings RELATED TO the wing and latching mechanism of the LOADER, and any substantially similar, predecessor or successor model.

**INTERROGATORY NO 7:** Please IDENTIFY each PERSON who received, stored, analyzed, or responded to complaints RELATED TO the wing and latching mechanism of the LOADER, and any substantially similar, predecessor or successor model.

**INTERROGATORY NO 8:** Please IDENTIFY each PERSON involved in the distribution, sale, and servicing, and selling of parts for the wing and latching mechanism of the LOADER, and any substantially similar, predecessor or successor model.

**INTERROGATORY NO 9:** Please IDENTIFY the PERSON to whom the LOADER was originally sold or leased and each subsequent purchaser or lessee of the LOADER from the date of original sale or lease to the present, and the current owner or lessee of the LOADER.

**INTERROGATORY NO 10:**   Please describe any changes or modifications to the wing and/or latching mechanism of the LOADER, and any substantially similar, predecessor or successor model.

**INTERROGATORY NO 11:**   Please IDENTIFY all COMMUNICATIONS between YOU and any PERSON RELATED TO any risks, defects, or recalls of the wing and latch mechanism of the LOADER or any substantially similar, predecessor, or successor model.

**INTERROGATORY NO 12:**   Please describe all services or databases to which you have ever had access which purport to search for, acquire, accumulate or track any reports of complaints, recalls, product reviews or risks regarding the LOADER, , and any substantially similar, predecessor or successor model identify the vendor, and describe how the data is accessed.

**INTERROGATORY NO 13:**   Please IDENTIFY any other litigation RELATED TO the wing and/or latching mechanism of the LOADER and any substantially similar, predecessor, or successor models.

**INTERROGATORY NO 14:**   Please IDENTIFY all testing of the wing and latching mechanism of the LOADER and any substantially similar, predecessor, or successor models and RELATED DOCUMENTS.

**INTERROGATORY NO 15:**   Please IDENTIFY all PERSONS RELATED TO the bidding, supply, distribution and/or purchase of any component or part of the wing and latching mechanism of the LOADER and any substantially similar, predecessor, or successor model.

**INTERROGATORY NO 16:** Please IDENTIFY all engineering, manufacturing, industry, and safety standards applicable to the LOADER or any substantially similar, predecessor, or successor LOADER and RELATED DOCUMENTS including any databases of same maintained by YOU.

**INTERROGATORY NO 17:** How are complaints or reports RELATED TO safety issues made to YOU, or of which you become aware, that are RELATED TO the LOADER, and any substantially similar, predecessor, or successor model, received, stored, analyzed, and responded to?

**INTERROGATORY NO 18:** IDENTIFY all COMMUNICATIONS by any PERSON to any consumer, industry, safety, professional or government agency or other PERSON, that are RELATED TO the wing and/or latching mechanism of the LOADER or any substantially similar, predecessor, or successor model and RELATED DOCUMENTS including any databases of same maintained by YOU.

**INTERROGATORY NO 19:** Please describe any investigation by YOU of safety issues RELATED TO the wing and latching mechanism of the LOADER and any substantially similar, predecessor, or successor model and IDENTIFY each PERSON involved in such investigation.

**INTERROGATORY NO 20:** Please describe any investigation by YOU of the incident complained of, and IDENTIFY each PERSON involved in such investigation.

**INTERROGATORY NO 21:** Please describe any investigation by any other PERSON of the incident complained of and IDENTIFY each PERSON involved in such investigation.

**INTERROGATORY NO 22:** Please describe all COMMUNICATIONS between YOU and any other DEFENDANT RELATED TO the wing and latching mechanism of the LOADER, and any substantially similar, predecessor or successor model, or the incident complained of.

**INTERROGATORY NO 23:** Please IDENTIFY any contractual obligations of each DEFENDANT to any other DEFENDANT to defend, hold harmless or indemnify same for any possible award in this action, any facts that support your answer and IDENTIFY each person who has knowledge of such facts.

**INTERROGATORY NO 24:** If you contend that Plaintiff's alleged injuries related to use of the LOADER were caused by a material and substantive alteration, change, improper handling, or misuse of the LOADER after it left YOUR control, please state all facts that support your contention and IDENTIFY each person who has knowledge of such facts.

**INTERROGATORY NO 25:** INTERROGATORY NO. 16: If you contend that Plaintiffs' injuries were proximately caused by circumstances, events, or persons over whom you had no authority or control, please state all facts that support your contention and identify each person who has knowledge of such facts.

**INTERROGATORY NO 26:** If YOU contend that Plaintiff was aware or should have been aware of any potential hazards reported to be associated with use of wing and/or latching mechanism of the LOADER, and appreciated or should have appreciated these potential hazards, please state all facts that support your contention and IDENTIFY each PERSON who has knowledge of such facts.

**INTERROGATORY NO 27:** If YOU contend that there was no practical or technically feasible alternative design or formulation of the LOADER that would have prevented the Plaintiff's harm without substantially impairing the usefulness or intended purpose of the product, please state all facts that support your contention and IDENTIFY each person having any knowledge of such facts.

**INTERROGATORY NO 28:** Please IDENTIFY each person, not IDENTIFIED in response to any interrogatory above, who has any knowledge of any facts RELATED TO any claim or defense related to any matter pleaded in the Complaint.

**INTERROGATORY NO 29:** Please IDENTIFY all PERSON(s) who provided information responsive to any of the above interrogatories and specify which interrogatory.

DATED: March 20, 2014

                                      Respectfully submitted,

                                      KAREN TLATEMPA, ADMINISTRATOR
                                      OF THE ESTATE OF EDUARDO
                                      TLATEMPA, DECEASED
                                      By counsel

*/s/ Matthew L. Clark (VSB# 84881)*
for Christopher T. Whelan
VSB # 33811
Howard, Morrison, Ross and Whelan
31 Garrett Street
Warrenton, Virginia 202186
T (540) 347-1000
F (540) 349-4422
chris.whelan@hmrwlaw.com
  Counsel for Plaintiff