VIRGINIA:

IN THE CIRCUIT COURT OF LOUDOUN COUNTY

| | |
|---|---|
| KAREN TLATEMPA, ) <br> Administrator for the Estate ) <br> of Eduardo Tlatempa, Deceased ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN BEAN TECHNOLOGIES CORPORATION ) <br> d/b/a JBT AERO TECH ) <br> SERVE: c/o *RIA* CT Corporation ) <br> 4701 Cox Road, Suite 285 ) <br> Glen Allen, Virginia 23060 ) <br> ) <br> And ) <br> ) <br> FMC TECHNOLOGIES INC. ) <br> SERVE: c/o *RIA* CT Corporation ) <br> 4701 Cox Road, Suite 285 ) <br> Glen Allen, Virginia 23060 ) <br> ) <br> And ) <br> ) <br> FMC CORPORATION ) <br> SERVE: c/o *RIA* CT Corporation ) <br> 4701 Cox Road, Suite 285 ) <br> Glen Allen, Virginia 23060 ) <br> ) <br> Defendants. ) | Case No. CL00079837-00 |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANTS

COMES NOW the Plaintiff, Karen Tlatempa, Administrator for the Estate of Eduardo Tlatempa, Deceased, by and through counsel, pursuant to Rule 4:9, Rules of the Supreme Court of Virginia and serves Plaintiff's First Request for Production of Documents and Electronically Stored Information to be answered pursuant to said Rules

LAW OFFICES
HOWARD, MORRISON,
ROSS AND WHELAN
31 GARRETT STREET
WARRENTON, VIRGINIA 20186
TELEPHONE: (540) 347-1000
FAX: (540) 349-4422

within twenty-eight (28) days of service of the summons and complaint and these requests for production.

## DEFINITIONS

1. "DOCUMENTS" and "DOCUMENTATION" as used herein includes, without limitation, any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, sales slides, flip charts, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, re-prints of articles, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonographs, films, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into usable forms), DOCUMENTS maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or DOCUMENTS of whatever description or kind, whether produced or authorized by or on behalf of YOU or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of YOU, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on YOUR behalf. The term DOCUMENT shall include all ELECTRONICALLY STORED INFORMATION, as defined below, and both data and metadata.

2. "COMMUNICATIONS" shall mean any correspondence, memoranda,

2

contact, discussion or exchange between or among any two or more persons or entities, including, without limitation, DOCUMENTS, telephone conversations, negotiations, meetings, and conferences.

3. "PLAINTIFF" means the named plaintiff and any representative of the named plaintiff, including plaintiff's counsel.

4. "RELATE TO," "RELATING TO," "REFERRING TO," "REFER TO," "REFLECTING," "REFLECT," "CONCERNING," or "CONCERN" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including DOCUMENTS attached to or used in the preparation of or concerning the preparation of the DOCUMENTS.

5. "YOU," "YOUR," or "DEFENDANT" refers to Defendants, JOHN BEAN TECHNOLOGIES CORPORATION d/b/a JBT CORPORATION and/or JBT AEROTECH, FMC TECHNOLOGIES, INC., and/or FMC CORPORATION, as well as all of their, partners, directors, officers, employees, servants, agents, attorneys, joint ventures, or other representatives, including all corporations and entities affiliated with said Defendants. The terms "YOU," "YOUR," or "DEFENDANT" shall also include all predecessor business entities, as well as any predecessor's partners, directors, officers, employees, servants, agents, joint ventures or other representatives. The terms "YOU" or "YOUR" shall also include all foreign and domestic subsidiaries or parent-companies, as well as any foreign or domestic subsidiaries' or parent companies' partners, directors, officers, employees, servants, agents, joint ventures or other representatives.

6. "PERSON" OR "PERSONS" means any natural person, government agency, corporation, partnership, joint venture, limited liability company, association, institution, group or any other identifiable entity.

7. "ELECTRONICALLY STORED INFORMATION" or "ESI" shall mean writings, drawings, graphs, charts, photographs and other data compilations stored in any medium from which information can be obtained, translated, if necessary, into reasonably useable form.

## INSTRUCTIONS

1. In responding to this First Request for Production, YOU are required to produce all DOCUMENTS in YOUR possession, custody, or control, including documents which are reasonably available to YOU, or in the possession, custody, or control of YOUR agents, consignees, representatives or investigators, or YOUR attorneys or their agents, employees, representatives, or investigators.

2. If any of the DOCUMENTS or information requested cannot be produced in full, YOU are required to specify, to the extent possible, the reasons for YOUR inability to produce the remainder, and the approximate date when YOU expect to produce such DOCUMENTS, if at all.

3. If any request is deemed to call for the production of privileged or otherwise protected information or materials, YOU must provide the following information in a written response, designating and identifying those DOCUMENTS or information withheld from production on grounds of privilege:

(a) The reason for withholding the DOCUMENT or information;

(b) A statement of the legal basis for the claim of privilege, work product or other ground for non-disclosure;

(c) A brief description of the DOCUMENT, including:

  a. The date of the DOCUMENT;

b. The number of pages, attachments, and appendices;

c. The name(s) of its author(s) or preparer(s) and identification by employment and title of each such person;

d. The name of each person who was sent, shown, or copied on the DOCUMENT, or has had access to or custody of the DOCUMENT, together with an identification of each such person;

e. The present custodian; and,

f. The subject matter of the DOCUMENT, and in the case of any DOCUMENT relating or referring to a meeting or conversation, identification of such meeting or conversation, in sufficient detail to enable the Court to determine the propriety of any claim of privilege.

4. This Request for Production imposes a continuing obligation upon YOU. If, after producing DOCUMENTS or information responsive to the First Request for Production, additional information or DOCUMENTS become available to YOU, YOU are required to produce such additional DOCUMENTS or information.

5. With respect to each DOCUMENT requested which has been lost, destroyed, or otherwise disposed of since its preparation or receipt, please provide the following information separately as to each such DOCUMENT:

(a) A general description of the subject matter, author, recipient(s), date;

(b) The identity of each person who has received a copy or had an opportunity to receive a copy thereof;

(c) The last custodian of the DOCUMENT or copies thereof;

(d) The full particulars or circumstances whereby the DOCUMENT was

5

disposed of, destroyed, or otherwise lost;

(e) Copies of any DOCUMENT destruction instructions or directives; and,

(f) Copies of any DOCUMENT destruction acknowledgement forms or receipts for the destruction of DOCUMENTS.

7. All DOCUMENTS produced in response to these requests shall be either:

(a) Organized and labeled to correspond with the number of the specific request to which the DOCUMENTS are responsive, or

(b) Produced in the order and in the manner that they are kept in the usual course of business.

8. All DOCUMENTS requested shall include all DOCUMENTS and information that relate in whole or in part to the relevant time period, or to events or circumstances during such relevant time period, even though dated, prepared or generated or received prior to or subsequent to the relevant time period.

9. All DOCUMENTS and ESI that exist in electronic format are to be produced in electronic format and in their native format or other searchable format, not in an electronic form that is merely a picture of a DOCUMENT such as a .TIFF, .TIF, or .PDF file.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1.** Sales agreement and all RELATED DOCUMENTS between YOU and the current or any previous owner of the LOADER.

**REQUEST NO. 2.** Any DOCUMENTS RELATED TO any investigation by YOU of the incident complained of.

**REQUEST NO. 3.** Any DOCUMENTS RELATED TO any investigation by any other PERSON of the incident complained of.

**REQUEST NO. 4.** All DOCUMENTS RELATED TO the design of the wing and latching mechanism of the LOADER and any substantially similar, predecessor or successor model and all drafts and other RELATED documents.

**REQUEST NO. 5.** All DOCUMENTS RELATED TO the manufacture of the wing and latching mechanism of the LOADER and any substantially similar, predecessor or successor model and all drafts and other RELATED documents.

**REQUEST NO. 6.** All DOCUMENTS RELATED TO the testing of the wing and latching mechanism of the LOADER and any substantially similar, predecessor or successor model and all drafts and other RELATED documents.

**REQUEST NO. 7.** All DOCUMENTS RELATED TO the safety of the wing and latching mechanism of the LOADER and any substantially similar, predecessor or successor model and all drafts and other RELATED documents.

**REQUEST NO. 8.** All COMMUNICATIONS with any other DEFENDANT RELATING TO the design, testing, manufacture, marketing, distribution, complaints, safety, warnings or sale RELATING TO the wing and latching mechanism of the LOADER and any substantially similar, predecessor or successor model and all drafts and other RELATED documents.

**REQUEST NO. 9.** All investigations by any federal, state or local agency RELATING TO the safety of the wing and latching mechanism of the LOADER and any substantially similar, predecessor or successor model and all drafts and other RELATED documents.

**REQUEST NO. 10.** All written instructions and/or warnings RELATING TO the wing and latching mechanism of the LOADER and any substantially similar, predecessor or successor model and all drafts and other RELATED documents and all DOCUMENTS that evidence of delivery and receipt by the current owner.

**REQUEST NO. 11.** All COMMUNICATIONS and RELATED DOCUMENTS from YOU to PLAINTIFFS RELATING TO the any actual or potential defect of the wing and latching mechanism of the LOADER and any substantially similar, predecessor or successor model and all drafts and other RELATED documents and evidence of delivery and receipt.

**REQUEST NO. 12.** All COMMUNICATIONS and RELATED DOCUMENTS from YOU to any federal, state or local government agency RELATING TO the safety or any actual or potential defect of the wing and latching mechanism of the LOADER and any substantially similar, predecessor or successor model and all drafts and other RELATED documents.

**REQUEST NO. 13.** All COMMUNICATIONS and RELATED DOCUMENTS from YOU to any PERSON who installs or repairs the LOADER and any substantially similar, predecessor or successor model RELATED TO the wing and latching mechanism of the LOADER,

**REQUEST NO. 14.** All DOCUMENTS RELATING TO any report that any PERSON may have experienced an injury or death involving alleged operation of the wing and latching mechanism of the LOADER and any RELATED DOCUMENTS.

REQUEST NO. 15. All COMMUNICATIONS that any PERSON may have experienced an injury or death involving alleged operation of the wing and latching mechanism of the LOADER and any RELATED DOCUMENTS.

REQUEST NO. 16. All DOCUMENTS RELATING TO any report that there may be a potential for injury or death involving alleged operation of the wing and latching mechanism of the LOADER and any RELATED DOCUMENTS.

REQUEST NO. 17. All COMMUNICATIONS that there may be a potential for injury or death involving alleged operation of the wing and latching mechanism of the LOADER and any RELATED DOCUMENTS.

REQUEST NO. 18. All documents related to policies and/or procedures for intake, maintenance, tracking, recording, and/or responding to safety complaints or reports for appliances manufactured, distributed, or serviced by safety complaints or reports for the wing and latching mechanism of the LOADER and any RELATED DOCUMENTS.

REQUEST NO. 19. All DOCUMENTS RELATING TO service or repair of the LOADER and any substantially similar, predecessor or successor model.

REQUEST NO. 20. All DOCUMENTS RELATING TO YOUR service or repair department and the LOADER and any substantially similar, predecessor or successor model.

REQUEST NO. 21. All DOCUMENTS RELATING TO YOUR parts department and the LOADER and any substantially similar, predecessor or successor model.

REQUEST NO. 22. All DOCUMENTS RELATING TO any completed, proposed, planned or considered design or manufacturing changes to the wing and latching mechanism of the LOADER or any substantially similar, predecessor or successor model.

**REQUEST NO. 23.** All DOCUMENTS RELATING TO tests or trials to assess the safety and/or risks of the wing and latching mechanism of the LOADER.

**REQUEST NO. 24.** All DOCUMENTS RELATING TO any wing and latching mechanism of any other LOADER manufactured by any other PERSON.

**REQUEST NO. 25.** All promotional and advertising materials RELATED TO the LOADER.

**REQUEST NO. 26.** All DOCUMENTS RELATED TO YOUR sales and marketing programs for the LOADER.

**REQUEST NO. 27.** All DOCUMENTS RELATED TO training provided to YOUR sales PERSONS RELATED TO the LOADER or any substantially similar, predecessor or successor model.

**REQUEST NO. 28.** All past and present iterations of any part of YOUR website that provides information to consumers RELATED TO the LOADER and any substantially similar, predecessor, or successor models.

**REQUEST NO. 29.** All blogs RELATED TO the LOADER and any substantially similar, predecessor or successor models.

**REQUEST NO. 30.** All records of COMMUNICATIONS to YOU RELATING TO the wing and latching mechanism of the LOADER and any substantially similar, predecessor or successor models, any response by YOU to each such call, and DOCUMENTS RELATING TO such calls.

**REQUEST NO. 31.** DOCUMENTS RELATING TO procedures for handling COMMUNICAATIONS from customers or users of the LOADER.

REQUEST NO. 32. All documents related to YOUR policies and procedures for retention, storage, back-up, deletion and/or destruction of documents.

REQUEST NO. 33. DOCUMENTS RELATING TO annual sales figures for the LOADER from its introduction to the present.

REQUEST NO. 34. DOCUMENTS RELATING TO the cost of manufacturing the wing and latching mechanism of the LOADER.

REQUEST NO. 35. Any photographs or video recording RELATED TO the LOADER.

REQUEST NO. 36. All DOCUMENTS RELATING TO any claim or defense in this action.

DATED: March 20, 2014

Respectfully submitted,

KAREN TLATEMPA, ADMINISTRATOR OF THE ESTATE OF EDUARDO TLATEMPA, DECEASED
By counsel

for *[signature]* (VSB# 84881)

Christopher T. Whelan
VSB # 33811
Howard, Morrison, Ross and Whelan
31 Garrett Street
Warrenton, Virginia 202186
T (540) 347-1000
F (540) 349-4422
chris.whelan@hmrwlaw.com
  Counsel for Plaintiff

11