**VIRGINIA:**

IN THE CIRCUIT COURT OF LOUDOUN COUNTY

KAREN TLATEMPA,

      **Plaintiff,**

v.                                     Civil Action No.: CL00079837-00

**JOHN BEAN TECHNOLOGIES**
  **CORPORATION d/b/a JBT AERO TECH,** *et al.*

      **Defendants.**

## DEFENDANTS' JOINT ANSWER TO PLAINTIFF'S COMPLAINT

Defendants John Bean Technologies Corporation, d/b/a JBT Aero Tech ("JBT"), FMC Technologies Inc. ("FMC Technologies") and FMC Corporation ("FMC Corp.") (collectively, "Defendants"), by counsel, for their Joint Answer to Plaintiff's Complaint, state as follows:

### The Parties

1. In response to the allegations in paragraph 1 of Plaintiff's Complaint, Defendants admit that the document attached to the Complaint as Exhibit A speaks for itself and deny any allegations inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1, and therefore those allegations are denied.

2. Defendants admit the allegations in the first three sentences of paragraph 2 of Plaintiff's Complaint. Defendants deny the allegations in the fourth and final sentence of paragraph 2. Answering further, Defendants specifically deny any liability in this case under any of the theories of recovery asserted by Plaintiff.

3. Defendants admit the allegations in paragraph 3 of Plaintiff's Complaint.

4. Defendants admit the allegations in paragraph 4 of Plaintiff's Complaint.

5. Defendants admit the allegations in paragraph 5 of Plaintiff's Complaint.

## Jurisdiction and Venue

6. The allegations in paragraph 6 of Plaintiff's Complaint are legal conclusions and therefore are denied.

7. The allegations in paragraph 7 of Plaintiff's Complaint are legal conclusions and therefore are denied.

## General Allegations

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of Plaintiff's Complaint, and therefore the allegations are denied.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of Plaintiff's Complaint, and therefore the allegations are denied.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of Plaintiff's Complaint, and therefore the allegations are denied.

11. Defendants admit the allegations in paragraph 11 of Plaintiff's Complaint.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of Plaintiff's Complaint, and therefore the allegations are denied.

13. Defendants admit that the Commander 15i Loader S/N CR96034 ("the Loader") was equipped with two platforms which are operated independently by scissors lifts. Defendants deny all other allegations in paragraph 13 of Plaintiff's Complaint.

14. Defendants admit that the Loader was designed to assist in the loading/unloading of cargo to and from a wide variety of passenger and freighter aircrafts. The loader has two platforms and is designed to be maneuvered by an operator from a station located on the right hand side of the forward platform. The platforms can be raised or lowered as needed to accommodate the various aircrafts. The operator's station is equipped with a guardrail. Defendants deny all other allegations in paragraph 14 of Plaintiff's Complaint.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of Plaintiff's Complaint, and therefore the allegations are denied.

16. As to the allegations in paragraph 16 of Plaintiff's Complaint, Defendants admit only that the forward platform is referred to as "the bridge," and can be tilted left to right to match the inclination of the cargo door. Defendants deny all other allegations in paragraph 16 of Plaintiff's Complaint.

17. Defendants admit the allegations in paragraph 17 of Plaintiff's Complaint.

18. As to the allegations in paragraph 18 of Plaintiff's Complaint, Defendants admit only that the folding wing extension on the Loader is adjustable to either an up or down position, and is held into place by: a) a manual lock bar that slides from the bridge and 2) a spring-loaded latch pin that fits into a detent on the manual lock bar. Both the lock bar and the spring-loaded latch pin are designed to be adjusted by the operator from the ground. Defendants deny all other allegations in paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations in paragraph 19 of Plaintiff's Complaint, except that they admit that the spring-loaded latch pin that holds the manual lock bar in place can be engaged when the wing extension is in the "up" position or the "down" position.

20. Defendants admit the allegations in paragraph 20 of Plaintiff's Complaint.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of Plaintiff's Complaint, and therefore the allegations are denied.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of Plaintiff's Complaint, and therefore the allegations are denied.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of Plaintiff's Complaint, and therefore the allegations are denied.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of Plaintiff's Complaint, and therefore the allegations are denied.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of Plaintiff's Complaint, and therefore the allegations are denied.

26. Defendants deny the allegations in paragraph 26 of Plaintiff's Complaint.

## Count One- Negligence

27. As to the allegations set forth in paragraph 27 of Plaintiff's Complaint, Defendants herein repeat and reallege every allegation, admission and denial in paragraphs 1 through 26, inclusive, of this Answer with the same force and effect as if set forth in full herein.

28. The allegations in paragraph 28 of Plaintiff's Complaint are legal conclusions and therefore are denied. Defendants specifically deny that they were negligent in the design, manufacturer or sale of the Loader.

29. Defendants deny the allegations in paragraph 29 of Plaintiff's Complaint.

30. Defendants admit the allegations in paragraph 30 of Plaintiff's Complaint.

31. As to the allegations set forth in paragraph 31 of Plaintiff's Complaint, Defendants admit only that, if the scissors supporting the bridge are not fully lowered or the tilt feature is not fully lowered at the front, the manual lock bar may not be able to freely move under the folding wing extension. Defendants deny all other allegations in paragraph 31 of Plaintiff's Complaint.

32. As to the allegations set forth in paragraph 32 of Plaintiff's Complaint, Defendants admit only that, if the operator fails to follow proper procedures causing the manual lock bar to be partially under the folding wing extension with the spring loaded latch pin not engaged in the detent, it is possible for the wing extension to fall to the down position if the lock bar moves to the rear position while the bridge is elevated. Defendants deny all other allegations in paragraph 32 of Plaintiff's Complaint

33. The allegations contained in Paragraph 33 of Plaintiff's Complaint constitute legal conclusions and therefore are denied. Defendants specifically deny any liability in this case under any of the theories of recovery asserted by Plaintiff.

34. Defendants deny the allegations in paragraph 34 of Plaintiff's Complaint.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of Plaintiff's Complaint, and therefore the allegations are denied.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of Plaintiff's Complaint, and therefore the allegations are denied.

37. The allegations in paragraph 37 of Plaintiffs' Complaint, inclusive of all its subparts, constitute conclusions of law and therefore are denied. Defendants specifically deny that Plaintiff is entitled to any of the damages claimed and deny any liability in this case under any of the theories of recovery articulated by Plaintiff.

**WHEREFORE,** Defendants request that the Complaint be dismissed with prejudice in its entirety; that judgment be entered in Defendants' favor; and that Defendants be awarded their costs and any additional relief that this Court deems fair and just.

### Count Two- Negligent Failure to Warn

38. As to the allegations set forth in paragraph 38 of Plaintiff's Complaint, Defendants herein repeat and reallege every allegation, admission and denial in paragraphs 1 through 37, inclusive, of this Answer with the same force and effect as if set forth in full herein.

39. Defendants deny the allegations in paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations in paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations in paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations in paragraph 42 of Plaintiff's Complaint.

**WHEREFORE,** Defendants request that the Complaint be dismissed with prejudice in its entirety; that judgment be entered in Defendants' favor; and that Defendants be awarded their costs and any additional relief that this Court deems fair and just.

## Count Three- Breach of Express and Implied Warranties of Merchantability

43. As to the allegations set forth in paragraph 43 of Plaintiff's Complaint, Defendants herein repeat and reallege every allegation, admission and denial in paragraphs 1 through 42, inclusive, of this Answer with the same force and effect as if set forth in full herein.

44. Defendants deny the allegations in paragraph 44 of Plaintiff's Complaint.

45. The allegations contained in Paragraph 45 of Plaintiff's Complaint constitute legal conclusions to which no response is required, and therefore they are denied. To the extent that any of the allegations in this paragraph are deemed factual in nature, Defendants admit that the folding wing, if properly operated, is designed to sustain the loads typically seen during loading of a Boeing 777. Defendants deny all other allegations in paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations in paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations in paragraph 47 of Plaintiff's Complaint.

48. Defendants deny, or lack knowledge or information sufficient to form a belief as to the truth and therefore deny, any allegation in Plaintiff's Complaint that is not expressly and specifically admitted herein.

**WHEREFORE**, Defendants request that the Complaint be dismissed with prejudice in its entirety; that judgment be entered in Defendants' favor; and that Defendants be awarded their costs and any additional relief that this Court deems fair and just.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the doctrine of contributory negligence.

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of the risk.

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of misuse.

5. Defendants had no duty to warn with regard to any of their products because such products were sold and/or delivered to sophisticated users and learned intermediaries.

6. Defendants deny that they were negligent in any way that caused or contributed to the accident which is the subject of Plaintiff's Complaint.

7. The Loader was designed, manufactured, tested, certified, distributed, sold and delivered in accordance with all applicable industry standards.

8. Plaintiff's alleged damages were directly and proximately caused by the negligent acts or omissions of third parties over whom Defendants had no control or direction and such negligence of these third parties intervened and superseded any act of Defendants.

9. Plaintiff failed to take proper action to mitigate and/or reduce her damages, if any.

10. The accident was an unavoidable casualty or misfortune that could not have been prevented by Defendants.

11. Defendants reserve the right to assert any other matter constituting an avoidance or affirmative defense after discovery in this case.

### Prayer

WHEREFORE, Defendants pray that the Court grant judgment in favor of Defendants and against Plaintiff on all claims in the Complaint; that Defendants be awarded their costs of this action, including attorneys' fees; and that Defendants be granted such other relief as the Court may deem just and equitable.

DATED: April 10, 2014                               Respectfully submitted,


                                                    JOHN BEAN TECHNOLOGIES CORPORATION
                                                    d/b/a JBT AERO TECH,
                                                    FMC TECHNOLOGIES INC., and
                                                    FMC CORPORATION

                                                    By Counsel

                                                    _____
                                                    Michael W. Smith (VSB 01125)
                                                    Henry I. Willett, III (VSB 44655)
                                                    David B. Lacy (VSB 71177)
                                                    CHRISTIAN & BARTON, L.L.P.
                                                    909 East Main Street, Suite 1200
                                                    Richmond, Virginia 23219-3095
                                                    Tel.:   (804) 697-4121
                                                    Fax:   (804) 697-6121
                                                    msmith@cblaw.com
                                                    hwillett@cblaw.com
                                                    dlacy@cblaw.com

                                                    *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served by first class mail this 10th day of April 2014, on:

>Christopher T. Whelan (VSB No. 33811)
>Paul A. Morrison (VSB No. 28007)
>HOWARD, MORRISON, ROSS AND WHELAN
>222 Central Park Avenue, Suite 2000
>31 Garrett Street
>Warrenton, Virginia 20186
>Tel.: (540) 347-1000
>Fax: (540) 349-4422
>
>*Counsel for Plaintiff*

_____
Counsel

#1569721